## STATE OF CONNECTICUT *v.* ROY A. KING
## (13727)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued September 28, 1990—decision released May 21, 1991

*David J. Burke,* special public defender, with whom were *Pamela K. Elkow* and, on the brief, *Peter A. Stroili* and *Michael A. Fitzpatrick,* special public defenders, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gary Nicholson,* assistant state's attorney, for the appellee (state).

CALLAHAN, J. The defendant, Roy A. King, was convicted of the crimes of attempted murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and arson in the first degree in violation of General Statutes § 53a-111 (a) (2). In *State* v. *King,* 216 Conn. 585, 603–604, 583 A.2d 896 (1990), in which we set forth the relevant facts in detail, we ordered a new trial as to the counts of attempted murder and assault in the first degree. We also ordered further proceedings as to the arson count because we concluded that the trial court improperly had failed to order the production of a report prepared by a state police officer concerning interviews that the officer had conducted with certain inmates and that the trial court had failed to conduct an in camera inspection of that report. Id., 599–600. Specifically, we ordered the trial court to answer three questions concerning the report: (1) whether the report in question was a "statement" under Practice Book § 749; (2) if so, whether all of the statement or any portion of it should have been disclosed pursuant to Practice Book §§ 752 and 753; and (3) if all or a portion of the statement should have been disclosed, whether the defendant was prejudiced by the nondisclosure. Id., 599.

On remand, the trial court conducted the required examination and concluded that the report was a "statement" under § 749 and that a portion of it should have been disclosed, but that the defendant had not been harmed by his inability to gain access to the undisclosed material. We granted the defendant's

motion to file a supplemental brief challenging the trial court's findings, but limited our review to the question of whether the trial court properly determined that the nondisclosure of the information in the report did not prejudice the defendant.

We have reviewed the defendant's and the state's briefs on this issue and conclude that the trial court properly found that the failure to disclose did not prejudice the defendant. See *United States* v. *Bagley,* 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (undisclosed evidence is material only if there is a reasonable probability that the outcome of the proceeding would have been different if the evidence had been disclosed). The defendant, therefore, is not entitled to a retrial on the arson count.

The judgment of guilty of arson in the first degree is affirmed.

In this opinion the other justices concurred.