STATE OF CONNECTICUT *v.* GREGORY WILLIAMS
(15325)

Peters, C. J., and Berdon, Norcott, Katz and Palmer, Js.

Argued June 5—officially released July 16, 1996

*Susann E. Gill*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Linda N. Howe*, assistant state's attorney, for the appellant (state).

*Deborah DelPrete Sullivan*, assistant public defender, for the appellee (defendant).

PETERS, C. J. The dispositive issue in this appeal is whether the Appellate Court properly concluded that the intent to cause death and the intent to cause serious physical injury are mutually exclusive states of mind under the circumstances of this case. After a jury trial, the defendant, Gregory Williams, was convicted of attempted murder in violation of General Statutes §§ 53a-49 and 53a-54a,[1] and assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[2] The trial court rendered judgment on the jury verdict and the defendant appealed to the Appellate Court, which

[1] General Statutes § 53a-49 provides in relevant part: "Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

General Statutes § 53a-54a provides in relevant part: "Murder. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[2] General Statutes § 53a-59 provides in relevant part: "Assault in the first degree: Class B felony. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

The jury acquitted the defendant of assault in the first degree in violation of General Statutes § 53a-59 (a) (3).

reversed his convictions. *State* v. *Williams*, 39 Conn. App. 18, 663 A.2d 436 (1995). We granted the state's petition for certification,[3] and now reverse the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the facts that the jury reasonably could have found. "In April, 1991, the defendant and the victim had been living together on and off for about five years, and had a two year old son. On April 12, 1991, the victim traveled to California with her parents and her son. After spending time in California, the victim's son returned to Connecticut with the victim's parents. The victim traveled to North Carolina to attend a training course offered by her employer. At that time, the victim decided not to resume living with the defendant upon her return. Accordingly, when she returned to Connecticut on April 19, she and her son moved in with her parents in Stratford.

"On April 20, 1991, the defendant came to the parents' home in Stratford looking for the victim. When the victim's father told the defendant that he was not welcome on the property and asked him to leave, the defendant began yelling at the victim's father that he would be sorry, that it may take one or two weeks but he would live to regret this day. The defendant also attempted to challenge the victim's father out into the street to fight him.

"The following morning, the victim received a call from a coworker informing her that the defendant had

[3] We granted the state's petition for certification to appeal, limited to the following issues:

"1. Under the circumstances of this case, did the Appellate Court properly conclude that, for purposes of General Statutes §§ 53a-54a and 53a-59 (a) (1) intent to cause death and intent to cause serious physical injury are mutually exclusive states of mind?

"2. If the answer to the first question is yes, was the error of the trial court harmless?" *State* v. *Williams*, 235 Conn. 920, 920–21, 665 A.2d 909 (1995).

just called from a mental hospital. The victim's former next-door neighbor also called to let her know that there was a pile of women's and children's clothing stacked behind the fence in the back of the victim's former residence. Believing that the defendant would not be at the house, the victim, her son and her sister went to the victim's former residence to retrieve their belongings.

"The victim's sister, who had driven, parked behind the house near a pile of clothing. The women hurried from the car and began putting clothes into garbage bags. While the women were collecting the clothes, the defendant appeared. The victim ran, yelling to her sister to call the police. The defendant caught her and fell to his knees begging her not to leave him. The victim attempted to keep the situation under control by pretending to go along with him, but winked at her sister signaling her to go for help.

"The victim's sister screamed at the victim to get into the car. The defendant then ran to the car, removed his son from the car seat and ran into the house. While holding his son, the defendant pushed the victim through the door of the house. The defendant then punched the victim in the face and hit her in the head with a baseball bat from the neighbor's yard. The defendant delivered eight blows to the victim's head until the baseball bat finally broke. The victim suffered serious head injuries and was close to death." Id., 20–21.

The defendant appealed to the Appellate Court, claiming, inter alia, that the trial court had improperly instructed the jury.[4] During its final charge, the trial

---

[4] The defendant also claimed that the trial court had improperly: (1) admitted evidence of his prior misconduct; (2) allowed the state on rebuttal to present evidence establishing his intent; and (3) submitted to the jury an alternate means of committing attempted murder for which there was no support in the evidence. The defendant claimed, in addition, that the evidence was insufficient to support his convictions for attempted murder and assault

court stated that "the law does recognize that a person who is acting intentionally—was found to be acting intentionally can simultaneously intend to cause some injury—to cause the victim some injury and at the same time, intend to cause that person's death . . . ." The defendant claimed that the trial court's instruction improperly permitted the jury to render inconsistent guilty verdicts on the counts of attempted murder under §§ 53a-49 and 53a-54a and assault in the first degree under § 53a-59 (a) (1). Id., 21.

The Appellate Court held that although a jury may properly find that, during an attack on a victim, a defendant's intent changed from the intent to cause serious physical injury to the intent to cause death,[5] a jury cannot properly find, as a matter of law, that a defendant possessed these intents simultaneously with respect to the same victim. Id., 22, 22 n.6. In light of this holding, the Appellate Court concluded that the trial court's instruction improperly permitted the jury to render legally inconsistent verdicts for attempted murder under §§ 53a-49 and 53a-54a and assault in the first degree under § 53a-59 (a) (1), and thus necessitated a new trial. Id., 22–23, 25.

On appeal to this court, the state claims that the trial court properly instructed the jury because, under the circumstances of this case, the intent to cause the victim's death was not legally inconsistent with the simultaneous intent to cause her serious physical injury. The defendant contends, to the contrary, that, as a matter of law, the two intents are mutually exclusive and thus

in the first degree. The Appellate Court rejected the defendant's sufficiency of the evidence claim, and did not address the remaining claims in light of its resolution of the claim of instructional error. *State* v. *Williams*, supra, 39 Conn. App. 23–25.

[5] See, e.g., *State* v. *Glover*, 40 Conn. App. 387, 395, 671 A.2d 384, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996); *State* v. *Fernandez*, 27 Conn. App. 73, 94, 604 A.2d 1308, cert. denied, 222 Conn. 904, 606 A.2d 1330 (1992).

that the trial court's instruction impermissibly permitted the jury to render inconsistent verdicts.[6] We agree with the state that, under the circumstances of this case, the trial court properly instructed the jury that the defendant simultaneously could have possessed the specific intents required for conviction of attempted murder under §§ 53a-49 and 53a-54a and assault in the first degree under § 53a-59 (a) (1).

The issue, broadly stated, is whether the intent to cause death and the intent to cause serious physical injury are mutually exclusive as a matter of law. We conclude that such mutual exclusivity is not to be presumed. Indeed, we have already held that, under some circumstances, these intents can be possessed simultaneously. In *State* v. *Hinton*, 227 Conn. 301, 305, 630 A.2d 593 (1993), the defendant fired a single shotgun blast into a group of men, killing three and injuring another. Addressing the defendant's claim that the trial court improperly accepted inconsistent verdicts of guilty on counts of attempted murder and assault in the first degree, we concluded that "[i]t is clear that an assault in violation of § 53a-59 (a) (1) and (2) would be consistent with an attempted murder count in violation of §§ 53a-49 and 53a-54a if [the actual victim] were the defendant's intended victim, because those statutory sections require intentional conduct." Id., 318–19. Because the counts of attempted murder and intentional assault had been premised on a single act of violence, our approval of verdicts of guilty for both offenses with respect to the same victim and the same act necessarily acknowledged that a defendant may simultaneously possess the intent to cause death and

---

[6] Verdicts are legally inconsistent if "the existence of the essential elements for one offense negates the existence of the essential elements for another offense of which the defendant also stands convicted." *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993); *State* v. *King*, 216 Conn. 585, 594–95, 583 A.2d 896 (1990), on appeal after remand, 218 Conn. 747, 591 A.2d 813 (1991).

the intent to cause serious physical injury. Accord *People* v. *Mayes*, 257 Ill. App. 3d 137, 153, 630 N.E.2d 878 (1993), cert. denied, 156 Ill. 2d 563, 638 N.E.2d 1121 (1994) (intents for aggravated battery and attempted murder not mutually exclusive); *People* v. *McDavis*, 97 App. Div. 2d 302, 304–305, 469 N.Y.S.2d 508 (1983) (intents for assault in first degree and attempted murder not mutually exclusive); see also *People* v. *Kynette*, 15 Cal. 2d 731, 761, 104 P.2d 794 (1940), cert. denied, 312 U.S. 703, 61 S. Ct. 806, 85 L. Ed. 1136 (1941) ("[t]here is no repugnancy between an intent to kill the victim and an intent to injure him"), overruled in part on other grounds, *People* v. *Snyder*, 50 Cal. 2d 190, 197, 324 P.2d 1 (1958), and *People* v. *Horn*, 12 Cal. 3d 290, 301 n.8, 524 P.2d 1300, 115 Cal. Rptr. 516 (1974).

The defendant contends that, because the intent required to violate § 53a-54a differs from the intent required to violate § 53a-59 (a) (1), it is legally impossible to possess these two intents simultaneously. We are unpersuaded.

Although §§ 53a-54a and 53a-59 (a) (1) require the same mental state, namely, a specific intent; *State* v. *Hinton*, supra, 227 Conn. 318–19; the particular intents required to violate these statutes are not the same. For each intent, a distinct conscious objective is sought. A verdict of guilty of attempted murder requires a finding of the specific intent to cause death. General Statutes §§ 53a-49, 53a-54a and 53a-3 (11). A verdict of guilty of assault in the first degree in violation of § 53a-59 (a) (1), in contrast, requires a finding of the specific intent to cause serious physical injury. General Statutes §§ 53a-59 (a) (1) and 53a-3 (11).

The defendant's argument founders on the mistaken presumption that one who intends to kill a person may not also intend to cause serious physical injury to that person. We can perceive no logical reason to preclude, as a matter of law, the simultaneous possession of these

intents by a defendant toward the same victim. It is entirely consistent and reasonable, under the facts of a particular case, for a jury to find that a defendant intended to inflict serious wounds upon a victim while also intending to cause that victim's death. A defendant "can intend both to cause the victim a serious physical injury and to kill the victim. No temporal separation is required for the intent, but obviously one is required for the result. A possible factual scenario would have a defendant intending to kill a person but first causing serious physical injury or disfigurement, so as to make the victim suffer before dying. The intent is simultaneous, as the conscious objective to cause the requisite results is simultaneous, while the results themselves are separated by time." *State* v. *Williams*, supra, 39 Conn. App. 26 (*Foti, J.,* dissenting); cf. *People* v. *Womack*, 40 Cal. App. 4th 926, 931, 47 Cal. Rptr. 2d 76 (1995) (intent to kill victim inconsistent with intent to induce same victim to give false testimony or to withhold true testimony).

The defendant relies on *State* v. *King*, 216 Conn. 585, 583 A.2d 896 (1990), on appeal after remand, 218 Conn. 747, 591 A.2d 813 (1991), but that case does not compel a different conclusion. In *King*, the trial court had improperly instructed the jury that it could find the defendant guilty both of attempted murder under §§ 53a-49 and 53a-54a and assault in the first degree under § 53a-59 (a) (3) with respect to the same victim. Id., 592–95. We determined that the jury's verdict of guilty on the count of assault in the first degree in violation of § 53a-59 (a) (3) necessitated a finding that the defendant had acted recklessly.[7] The jury's verdict

---

[7] General Statutes § 53a-59 provides in relevant part: "Assault in the first degree: Class B felony. (a) A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he *recklessly* engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ." (Emphasis added.)

of guilty on the count of attempted murder, in contrast, necessitated a finding that the defendant had acted with specific intent. With respect to the same victim and the same act, however, specific intent and recklessness are distinct and mutually exclusive mental states under our penal code "because one who acts recklessly does not have a conscious objective to cause a particular result. . . . Therefore, the transgression that caused the victim's injuries was either intentional or reckless; it could not, at one and the same time, be both. . . . Where a determination is made that one mental state exists, to be legally consistent the other must be found not to exist." (Citations omitted; internal quotation marks omitted.) Id., 594; see *Griffin* v. *Parker*, 219 Conn. 363, 370, 593 A.2d 124 (1991); see also *State* v. *Beccia*, 199 Conn. 1, 4, 505 A.2d 683 (1986). In *State* v. *Hinton*, supra, 227 Conn. 318–19, we declined to extend these principles to encompass scenarios involving the simultaneous possession of the *same* mental state, and we similarly decline to do so now.

The holding in *King* was premised on the conclusion that, because a defendant cannot act recklessly and intentionally at the same time toward the same victim, a guilty verdict based on a finding that a defendant acted with recklessness is inconsistent with a guilty verdict based on a finding that the defendant acted intentionally. *State* v. *King*, supra, 216 Conn. 594. That is not this case. The trial court in the present case did not instruct the jury that it could find that the defendant simultaneously had acted recklessly and intentionally toward the victim.[8] Rather, the trial court instructed the jury that it could find that the defendant had intended to inflict serious physical injury upon the victim and, at

[8] The trial court properly instructed the jury, in accordance with our holding in *State* v. *King*, supra, 216 Conn. 593–94, that "it would . . . be inconsistent to find that [the defendant] intended to cause the victim's death and simultaneously acted recklessly to cause her injury."

the same time, intended to cause her death. *King*, therefore, is inapposite.

We conclude that, under the appropriate circumstances, a defendant can simultaneously intend to cause the death of, and intend to cause serious physical injury to, the same victim. "Intent is a question of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one." (Internal quotation marks omitted.) *State* v. *DeJesus*, 236 Conn. 189, 197, 672 A.2d 488 (1996); *State* v. *Patterson*, 229 Conn. 328, 333, 641 A.2d 123 (1994). In this case, the defendant repeatedly struck the victim over the head with a baseball bat until the bat broke. The jury reasonably could have inferred from the defendant's conduct that he had possessed, at the same time and by the same acts, the intent to cause the victim's death and the intent to cause the victim serious physical injury while he was attempting to kill her.[9] Because the defendant could have possessed both intents simultaneously, the trial court's instruction to that effect did not permit the jury to return legally inconsistent verdicts.[10] See *State* v. *Hinton*, supra, 227 Conn. 313; *State* v. *King*, supra, 216 Conn. 594. Accordingly, the trial court properly instructed the jury.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.

---

[9] We note that the Appellate Court determined that sufficient evidence existed for the jury to have found beyond a reasonable doubt that the defendant had the intent to cause the victim's death and the intent to cause her serious physical injury. *State* v. *Williams*, supra, 39 Conn. App. 24–25.

[10] We recognize that there are circumstances in which a jury could find that a defendant had the specific intent necessary for assault in the first degree but not the specific intent necessary for attempted murder. The definition of "serious physical injury" as "physical injury which creates a substantial risk of death"; General Statutes § 53a-3 (4); raises the possibility that an actor may intend to cause a substantial risk of death but not death

itself. In that case, if death were to occur, it would result not because the actor specifically intended that death, but because he or she acted in the face of that risk.