STATE OF CONNECTICUT *v.* GREGORY WILLIAMS
(12769)

Foti, Lavery and Landau, Js.

Submitted October 28, 1996—officially released February 11, 1997

*Deborah DelPrete Sullivan,* assistant public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda N. Howe,* assistant state's attorney, for the appellee (state).

LAVERY, J. This matter is before us on remand from our Supreme Court. *State* v. *Williams,* 237 Conn. 748, 679 A.2d 920 (1996). The defendant originally appealed to this court from a judgment of conviction, rendered after a jury trial, of attempted murder in violation of General Statutes § 53a-49[1] and § 53a-54a (a),[2] and assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[3]

In his original appeal to this court, the defendant asserted that (1) the trial court improperly charged the jury that the law recognizes that a person can simultaneously possess both the intent to cause serious physical injury to a person and the intent to cause that person's death, (2) the evidence was insufficient to support the convictions, (3) the trial court improperly allowed prior uncharged misconduct evidence to be introduced against the defendant, (4) the trial court abused its

---

[1] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-54a (a) provides in pertinent part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[3] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

discretion when it allowed Michael Werdmann, the defendant's physician, to testify as a rebuttal witness, (5) the trial court improperly submitted to the jury an alternative means of committing attempted murder for which there was no support in the evidence, and (6) the trial court improperly failed to instruct the jury on intoxication, sua sponte. We resolved the first and second issues but declined to afford him review on the other issues. *State* v. *Williams,* 39 Conn. App. 18, 21–25, 663 A.2d 436 (1995), rev'd, 237 Conn. 748, 679 A.2d 920 (1996).

Our Supreme Court granted certification limited to the following issue: "[D]id the Appellate Court properly conclude that, for purposes of General Statutes § § 53a-54a and 53a-59 (a) (1), intent to cause death and intent to cause serious physical injury are mutually exclusive states of mind?" *State* v. *Williams,* 235 Conn. 920, 921, 665 A.2d 909 (1995). The Supreme Court concluded that "a defendant can simultaneously intend to cause the death of, and intend to cause serious physical injury to, the same victim." *State* v. *Williams,* supra, 237 Conn. 757. The Supreme Court reversed the judgment of this court and remanded the case to us for further proceedings according to law. Id. We now affirm the judgment of the trial court.

The facts that the jury could have reasonably found in this case are stated in both *State* v. *Williams,* supra, 237 Conn. 748, and *State* v. *Williams,* supra, 39 Conn. App. 18. Furthermore, any other facts relevant to this appeal will be mentioned as each of the defendant's claims are addressed by this court.

The defendant's first claim, concerning concurrent mental states for attempted murder and assault in the first degree, was resolved by our Supreme Court. *State* v. *Williams,* supra, 237 Conn. 748.The defendant's second claim, which concerned the sufficiency of the evi-

dence, was resolved by this court in our previous decision. *State* v. *Williams*, supra, 39 Conn. App. 23. This claim was not part of the issue certified by our Supreme Court and is thus res judicata. See *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 397–98, 685 A.2d 1108 (1996).

The defendant's third claim is that the trial court improperly admitted evidence that the defendant threatened the victim's father the day before the assault. We disagree. At trial, evidence was introduced that on the day before the assault the defendant told the victim's father, "You're going to be sorry—you and your daughter will be sorry." It is well established that evidence of prior misconduct may be allowed for the purpose of proving intent, identity, malice, motive, or a system of criminal activity. See *State* v. *Braman*, 191 Conn. 670, 675–76, 469 A.2d 760 (1983). Moreover, evidence proving the defendant's motive will significantly strengthen the state's case, and is therefore admissible. *State* v. *Harris*, 182 Conn. 220, 224, 438 A.2d 38 (1980). Furthermore, we will reverse the trial court's ruling only " 'where abuse of discretion is manifest or where an injustice appears to have been done.' " *State* v. *Ramsunder*, 204 Conn. 4, 15, 526 A.2d 1311, cert. denied, 484 U.S. 955, 108 S. Ct. 348, 98 L. Ed. 2d 374 (1987).

In this case, the state bore the burden of proving that the defendant possessed the intent to kill and the intent to cause serious physical injury, as required by §§ 53a-54a and 53a-59 (a). The jury could have inferred from the defendant's threatening the victim's father on the day before the attack that the attack was planned, arising from the deteriorating relationship between the defendant and the victim. We conclude that this evidence was relevant to establish both the motive and intent of the defendant, and the trial court did not abuse its discretion by admitting it.

The defendant's fourth claim is that the trial court improperly admitted the rebuttal testimony of Werdmann. The defendant contends that the state should have presented this evidence during its case-in-chief. We find that this claim is without merit.

During trial, the defendant presented the testimony of a physician, Jeremy August. August's testimony concerned the use of the drug Ativan,[4] which the defendant took the day before the assault. August testified that he would not have prescribed Ativan to someone in the defendant's condition because it could extenuate depressive symptoms and impair a person's reasoning. Following August's testimony, the defendant testified that he had taken Ativan the night before the assault. The defendant also testified that on the day of the assault he felt sluggish and depressed.

After the defense had rested, the state called Werdmann, who had prescribed Ativan to the defendant on the night before the assault. At that point the defendant objected, arguing that the state should have presented Werdmann's testimony during its case-in-chief. The trial court proceeded to overrule the defendant's objection, yet informed the defendant that he was free to object to individual questions to keep the testimony within permissible parameters. Werdmann then testified that the two milligram dosage of Ativan that he prescribed for the defendant is a "standard dosage" for someone of the defendant's size. Furthermore, Werdmann testified that the Bridgeport Hospital records concerning the defendant's treatment noted no ill effects from the medication and listed as normal the defendant's ability to concentrate and speak on the morning of the assault.

It is well settled that " '[t]he admission of rebuttal evidence is ordinarily within the sound discretion of the trial court.' " *State* v. *Simino*, 200 Conn. 113, 123,

[4] Ativan is an antianxiety drug in the same pharmaceutical family as valium.

509 A.2d 1039 (1986). Moreover, "[r]ebuttal evidence is that which refutes the evidence presented by the defense, rather than that which merely bolsters the state's case . . . . We will not disturb the trial court's ruling absent a clear abuse of discretion . . . or unless it appears that an injustice has been done." (Citations omitted, internal quotation marks omitted.) *State* v. *Young*, 29 Conn. App. 754, 763, 618 A.2d 65 (1992), cert. denied, 225 Conn. 904, 621 A.2d 287 (1993).

At trial, the issue of whether drugs affected the defendant's mental state was introduced during the defendant's case. The state was not obligated to address this issue in its case-in-chief. Therefore, it was proper for the trial court to give the state an opportunity to rebut the defendant's evidence on this issue, which the state did by presenting Werdmann's testimony.

The defendant's fifth claim is that the trial court incorrectly charged the jury on both subsections of the attempt statute, § 53a-49 (a) (1) and (2).[5] The defendant concedes that he failed to request a charge on attempt, to request a specific unanimity charge or to take an exception to the charge delivered by the trial court. The state argues that this issue is not reviewable because the claim is nonconstitutional, and that the claim is without merit because there was sufficient evidence to prove both statutory alternatives. Moreover, even if there was insufficient evidence on one of the alternatives, the defendant did not prove harm. We agree with the state that the federal claim is not reviewable under the sec-

[5] General Statutes § 53a-49 provides in pertinent part: "Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

ond prong of *State* v. *Golding,* 213 Conn. 233, 239, 567 A.2d 823 (1989), because the claim is not of constitutional dimension.[6] This is consistent with *State* v. *Chapman,* 229 Conn. 529, 543–44, 643 A.2d 1213 (1994), which held that due process is not offended by a general verdict of guilty that follows a charge on two alternative statutory bases for a crime, even though one of the alternatives was not supported by the evidence. The court stated, "We therefore consider, on a *nonconstitutional basis,* the harmfulness of the impropriety in the trial court's instruction." (Emphasis added.) Id., 544.

We find it unnecessary to review the defendant's state constitutional claim[7] because a review of the record and transcripts reveals there was an abundance of evidence to support both of the attempt alternatives.[8] In *State* v. *Green,* 194 Conn. 258, 275, 480 A.2d 526 (1984), cert. denied, 469 U.S. 1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1985), our Supreme Court stated: "Under the evidence, the jury could have found this defendant guilty under both, although one would have been sufficient. The law recognizes, as it must, that the method of committing or attempting to commit a crime varies with the particular crime involved; some crimes may

---

[6] In *State* v. *Golding,* supra, 213 Conn. 239–40, our Supreme Court stated: "we hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

[7] The defendant claims that the trial court violated his rights pursuant to the Connecticut constitution, article first, §§ 8 and 9. This issue has never been decided by this court or our Supreme Court, and we decline to resolve this issue. See *State* v. *Chapman,* supra, 229 Conn. 543–44.

[8] Even if we reviewed the claim, there was overwhelming evidence in the record to support both of the attempt alternatives that were charged by the trial court.

be attempted or executed with greater instantaneity than others."

"Under 53a-49 (a) (1), a defendant acting with the required mental state is guilty of the crime of attempt where he '[i]ntentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be . . . .' On the evidence, the jury could reasonably have found that his intentional conduct, which was beyond mere preparation, was to perform acts and accomplish a result that would constitute the crime charged inasmuch as the circumstances for doing so were, in his belief, accommodating to his criminal purpose. Moreover, under § 53a-49 (a) (2), a defendant with the required mental state is guilty of the crime of attempt when he 'intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.' To constitute a 'substantial step,' the conduct must be 'strongly corroborative of the actor's criminal purpose.' " Id., 276.

The jury could have reasonably found that the defendant struck the victim in the head with a baseball bat a sufficient number of times to believe that she would die. The attempt to kill might have failed because the victim instantly received medical care that saved her life or because he defendant misjudged the number of blows with the bat it would take to kill the victim. We conclude that there was overwhelming evidence to satisfy both alternatives.

The defendant's sixth claim is that the trial court improperly failed to charge the jury, sua sponte, on the issue of intoxication. We find that this claim is without merit.

The defendant never requested a jury instruction on the issue of intoxication. In addition, when the trial

court inquired about the type of charge that the defendant preferred, the defendant remarked that he would not be requesting instructions on extreme emotional distress, intoxication or self-defense. The defendant requested only the standard instruction, given the crimes charged. At trial, the defendant's counsel stated, "I think that if the court just charges as they would normally on an intent and charge on the lesser included . . . I think then that the jury can marshal the evidence and the facts as they choose to determine whether or not [the defendant] had the applicable elements to commit the offense charged."

Generally, trial courts do not have an obligation, sua sponte, to instruct on any theory of defense that the evidence might support. See *State* v. *Jacobowitz*, 194 Conn. 408, 411–12, 480 A.2d 557 (1984) (trial court did not err when it did not charge, sua sponte, on extreme emotional disturbance); *State* v. *Parham*, 174 Conn. 500, 509–11, 391 A.2d 148 (1978) (trial court did not err in failing to charge on alibi, sua sponte); *State* v. *Torrice*, 20 Conn. App. 75, 82–83, 564 A.2d 330, cert. denied, 213 Conn. 809. 568 A.2d 794 (1989) (trial court not obligated to instruct, sua sponte, on theory that force used was reasonable way of disciplining minor). Furthermore, it would be inappropriate for the trial court to charge the jury, sua sponte, on a theory that was contrary to the defendant's stated position. *State* v. *Jeffrey*, 220 Conn. 698, 717–19, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992) (improper for trial court to deliver, sua sponte, charge on consent when it was never requested and defendant did not raise it as theory of defense).

We conclude that while the evidence may have suggested that a charge on intoxication may have been

240

appropriate, the trial court was not under any obligation to give the instruction sua sponte.

The judgment is affirmed.

In this opinion the other judges concurred.