## STATE OF CONNECTICUT *v.* DAVID BLOCKER
## (AC 15316)

O'Connell, C. J., and Hennessy and Mottolese, Js.

Argued March 21—officially released September 23, 1997

*Mark Rademacher*, special assistant public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Edward Ricciardi*, assistant state's attorney, for the appellee (state).

MOTTOLESE, J. After a trial to the court on the charges of criminal attempt to murder in violation of General Statutes §§ 53a-49[1] and 53a-54a[2] and assault in the first degree in violation of General Statutes § 53a-59 (a) (1)[3] and (3),[4] the defendant, David Blocker, was found not guilty by reason of lack of capacity due to mental disease pursuant to General Statutes § 53a-13

[1] General Statutes § 53a-49 provides in relevant part: "Criminal attempt: Sufficiency of conduct; renunciation as defense. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

[2] General Statutes § 53a-54a provides in relevant part: "Murder. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

"(b) Evidence that the defendant suffered from a mental disease, mental defect or other mental abnormality is admissible, in a prosecution under subsection (a) of this section, on the question of whether the defendant acted with intent to cause the death of another person. . . ."

[3] General Statutes § 53a-59 provides in relevant part: "Assault in the first degree: Class B felony: Nonsuspendable sentences. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[4] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

(a).[5] The court committed him to the Whiting Forensic Institute on each count to a maximum period of confinement of twenty years to be served consecutively. The defendant appeals on the grounds that the trial court (1) made inconsistent factual findings when it found that the defendant possessed the intent to cause both death and serious physical injury, (2) violated his double jeopardy right not to be punished twice for the same offense, and (3) improperly found that there was sufficient evidence of intent to cause serious physical injury.

The trial court reasonably could have found the following facts. On the afternoon of May 31, 1994, the defendant entered a doughnut shop and, after being served, went to his car, removed a knife and approached the victim, an employee who was outside the store smoking a cigarette. Without provocation, he stabbed her in the chest saying, "I am going to kill you." The victim suffered a wound that resulted in the removal of her left lung.

I

The defendant first contends that the trial court made inconsistent, and therefore improper, factual findings when it concluded that the defendant possessed both the intent to cause death as required for a conviction of attempted murder and the intent to cause serious physical injury as required for a conviction of assault in the first degree. That contention is premised on the claim that a person cannot simultaneously intend both

---

[5] General Statutes § 53a-13 provides in relevant part: "Lack of capacity due to mental disease or defect as affirmative defense. (a) In any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time he committed the proscribed act or acts, lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law. . . ."

results when only a single knife stab is inflicted on the victim.

The state, relying on *State* v. *Williams*, 237 Conn. 748, 755, 679 A.2d 920 (1996), argues that it is legally possible for a defendant to possess both the intent to cause serious physical injury and the intent to cause the death of the victim. The defendant contends that the issue is whether, under these particular facts, he can be committed for two offenses resulting from a single stab where the intent to commit attempted murder and the intent to commit assault in the first degree are mutually exclusive.

The defendant distinguishes between a single act of stabbing and multiple acts of trauma. The defendant proposes that separate, discrete physical contacts with the victim are necessary to support each separate intent. Indeed, in *Williams*, our Supreme Court addressed this very issue with reference to its earlier decision in *State* v. *Hinton*, 227 Conn. 301, 305, 630 A.2d 593 (1993), in which the defendant fired a single shotgun blast scattering eight separate pellets into a group of men, killing three and injuring another. Of *Hinton*, the court in *Williams* stated that, "[b]ecause the counts of attempted murder and intentional assault had been premised on a single act of violence, our approval of verdicts of guilty for both offenses with respect to the same victim and the same act necessarily acknowledged that a defendant may simultaneously possess the intent to cause death and the intent to cause serious physical injury." *State* v. *Williams*, supra, 237 Conn. 753. Thus, the court implicitly rejected the notion that separate, discrete physical contacts with a victim are necessary to support each separate intent. Id.; see also *State* v. *Sharpe*, 195 Conn. 651, 656, 491 A.2d 345 (1985). We believe that it is unrealistic to argue that the shooter had an intent with respect to the pellets

that killed that was separate and distinct from the intent he had with respect to those that only injured.

The defendant also argues that he expressed his singular intent clearly and unequivocally when he exclaimed, "I am going to kill you!" and that he attempted to carry out that intent in delivering a single blow. Implicit in the trial court's finding is that this statement did not prevent the inference that the defendant also intended to injure the victim seriously. It is entirely reasonable for the trial court to have found that the defendant intended to inflict serious injury with a single blow while also intending that that stabbing cause the victim's death. "No temporal separation is required for the intent . . . ." (Internal quotation marks omitted.) *State* v. *Williams*, supra, 237 Conn. 755. It is possible, therefore, to form each intent simultaneously while performing a single act that makes but a single contact.

## II

The defendant next contends that his consecutive commitments for attempted murder and assault in the first degree violate the double jeopardy clause of the fifth amendment to the United States constitution[6] and article first, § 9, of the Connecticut constitution.[7] He

[6] The double jeopardy clause of the fifth amendment to the United States constitution provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." It is applicable to the states under the fourteenth amendment to the United States constitution. *Benton* v. *Maryland*, 395 U.S. 784, 793–96, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

[7] Because the defendant provided no separate analysis under the Connecticut constitution, we are not bound to consider this claim. *State* v. *Webb*, 238 Conn. 389, 423 n.32, 680 A.2d 147 (1996). Nevertheless, we have consistently held that the Connecticut constitution affords no greater protection than the United States constitution's double jeopardy clause. See *State* v. *Adams*, 38 Conn. App. 643, 655–56, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995).

claims specifically that these commitments constitute multiple punishments for the same offense.

"This argument has two prongs, each a necessary condition to its success: (1) the charges must arise out of the same transaction, and (2) the charged crimes must be the same offense. Double jeopardy prohibits, inter alia, not only multiple trials, but also multiple punishments for the same offense in a single trial. . . .

"[T]he test for determining whether there are two offenses or only one [is articulated] in *State* v. *Devino*, 195 Conn. 70, 74, 485 A.2d 1302 (1985). . . . [T]he classic test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). . . . [T]his test . . . [refers] to the charging documents." (Citations omitted; internal quotation marks omitted.) *State* v. *Sharpe*, supra, 195 Conn. 654.

As to the first prong, the information provides, and the state admits, that both charges arise from the same act, the stabbing of the victim. With regard to the second prong, the defendant argues that the counts of attempted murder and assault in the first degree, as charged in the information, are the same offense and neither requires proof of any fact that the other does not. We disagree.

Our Supreme Court addressed this exact claim in *State* v. *Sharpe*, supra, 195 Conn. 655–56. "A conviction for attempted murder requires proof of intentional conduct constituting a substantial step toward intentionally causing the death of another person. . . . No showing of actual injury is required. Conversely, a conviction for assault in the first degree requires proof that the defendant actually caused serious physical injury to another person. No showing of intent to cause death is necessary. Therefore, each offense requires proof

of a fact which the other does not. Consequently, the statutory violations charged, attempted murder and assault in the first degree, are not the same offense for double jeopardy purposes." (Citation omitted.) Id. The defendant's consecutive commitments for attempted murder and assault in the first degree do not violate the defendant's right against double jeopardy.[8]

## III

Finally, the defendant asserts that the evidence before the trial court was insufficient to support a finding of assault in the first degree. The defendant seeks *Evans-Golding* review of this claim.[9] "Our Supreme Court has stated that sufficiency of the evidence claims 'necessarily meet the four prongs of *Golding.*' *State* v. *Adams*, 225 Conn. 270, 275–76 n.3, 623 A.2d 42 (1993) . . . ." (Citation omitted.) *State* v. *Adorno*, 45 Conn. App. 187, 194, 695 A.2d 6, cert. denied, 242 Conn. 904, 697 A.2d 688 (1997).

"When reviewing sufficiency of the evidence claims, we impose a two part analysis. First, we construe the

[8] Our determination that the crimes of attempted murder and assault in the first degree are separate offenses makes it unnecessary for us to reach the claim, raised by the state, that commitment to the commissioner of mental health does not constitute punishment for purposes of double jeopardy.

[9] *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973); *State* v. *Golding*, 213 Conn. 233, 576 A.2d 823 (1989). Under the standard delineated in *Golding*, a defendant can prevail on an appeal of an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 239–40. If any one of these conditions is not satisfied, the defendant's claim will fail. Id., 240. "The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself." *State* v. *Crosby*, 34 Conn. App. 261, 264, 641 A.2d 406, cert. denied, 230 Conn. 903, 644 A.2d 916 (1994).

evidence in the light most favorable to sustaining the verdict. . . . Second, we determine whether, from that evidence and all the reasonable inferences which it yields, a [trier of fact] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Laws*, 37 Conn. App. 276, 281, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995).

The only evidence the defendant relies on to support his insufficiency argument is the defendant's clear statement of his intention to kill the victim followed by the single thrust of the knife. From this he argues that there was "only an intent to kill" and not an intent to injure.

We believe that the conclusion drawn by the trial court as the fact finder was not unreasonable and is amply supported by the direct and circumstantial evidence presented at trial and from the reasonable inferences that flowed therefrom. The defendant inflicted a single stab wound to the victim's chest that might not of itself have been immediately fatal but did create "a substantial risk of death" from blood loss and organ damage. The single wound caused the loss of the victim's lung, extensive scarring and a permanent limp, which constitute serious physical injury.

The judgment is affirmed.

In this opinion the other judges concurred.