[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Aaron Sloan, was arrested in connection with an incident occurring on or about August 22, 1991 and charged with one count of attempted murder, in violation of General Statutes, Section 53a-54a and Section53a-49, and one count of assault in the first degree, in violation of General Statutes, Section 53a-59(a)(1). Subsequently, stemming from the same incident, the petitioner was charged additionally and in the alternative, with one count of assault in the first degree, in violation of General Statutes, Section 53a-59(a)(3). On August 4, 1992, following trial, the petitioner was convicted on the attempted murder count and on the Section 53a-459(a)(1) count of assault in the first degree. On October 23, 1992, the petitioner was sentenced to a term of 18 CT Page 3451 years on the attempted murder count, and 18 years on the assault one count [S. 53a-59(a)(1)] the latter to be served concurrent with the former, for a total effective sentence of 18 years.
By petition filed January 15, 1997, the petitioner alleges his imprisonment is illegal in that he was denied effective assistance of counsel both at time of trial and on appeal. A hearing on the petition was held on March 18, 1999, at which both parties appeared and were represented by counsel.
 II
The petitioner claims that his attorney, Barry Butler, who served both as trial counsel and appellate counsel, rendered ineffective assistance in violation of the petitioner's rights under Amendments Six and Fourteen of the Constitution of the United States, in that:
as appellate counsel, Butler failed to assist and consult the petitioner in preparing an appeal of his conviction;
both during trial, and on appeal, counsel failed "to adequately take exception to the court's charge to the jury, specifically as to the failure of the court to instruct the jury under State v. King, 216 Conn. at 585, that the jury could not find the defendant guilty of both attempted murder and assault first under the recklessness subsection [S. 53a-59(a)(3)], as those crimes required inconsistent mental states";
during trial counsel failed to cross examine a witness, Winston, concerning the intoxicated state the petitioner appeared to be in [at the time of the underlying incident], as testified to by Winston on direct. This failure to cross examine proved to be the basis for the trial court judge's refusal to instruct the jury as to the intoxication defense.
 III
The incident giving rise to the charges lodged against the petitioner occurred at approximately 2:45 p. m. on August 17, 1991, in the city of Bridgeport, when a fourteen year old male, Reed, was shot. The victim survived and testified at trial. The petitioner was charged with having shot the victim.
At the time of the habeas hearing, two witnesses, the CT Page 3452 petitioner and attorney Butler, testified. The petitioner testified he had shot Reed, but maintained he was both intoxicated and "high" from cocaine use at the time, so as to have been unable to form the requisite intent to kill anyone, in violation of General, Statutes, Section 53a-54a, or to cause serious physical injury, in violation of Section 53a-59(a)(1). The petitioner insisted he had told this repeatedly to his lawyer up to the time of trial. The petitioner also testified he was concerned that he had been charged with offenses requiring inconsistent mental states. Regarding the appeal of his conviction, the petitioner testified that he had never been consulted by his attorney regarding said appeal.
Attorney Butler testified that from their first meeting to his conviction, petitioner never admitted he'd fired a gun during the incident giving rise to the charges. Butler didn't recall the petitioner raising the intoxication issue as a defense. Butler defended the case on the basis that the petitioner didn't fire a gun at the time of the shooting. There were statements and later testimony, implicating one "Martin" or "Herman" both, as the shooters. One Brenda Coty so testified. An officer, Muniz, testified that the victim stated that Martin Moore was the shooter. As to the testimony of Winston regarding the petitioner being intoxicated, Butler had tried to prevent such testimony, as being harmful to his client's case; once it came in, Butler sought to use it to his client's benefit by requesting of the court a charge to the jury regarding intoxication, which request the court denied. Butler testified he believed the theory of the case on which he proceeded was developed both by him and his client and stemmed from his client's claim that he hadn't fired a shot. Butler testified he believed that this theory was inconsistent with a claim of "inability to form the requisite intent", by reason of intoxication and that it would be harmful to his client to pursue both theories simultaneously.
 IV
A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable, professional assistance of a competent criminal trial or appellate lawyer and (2) that the deficient performances "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result of the CT Page 3453 proceeding would have been different, Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." Id., at 689.
 V
The petitioner asserts that his trial counsel failed adequately to pursue the petitioner's claim that he was so intoxicated at the time of the shooting that he could not have formed the requisite intent required by General Statutes, Section53a-54a or that required by General Statutes, Section 53a-59(a)(1). Based on the evidence presented, the court concludes that the defense chosen and pressed by trial counsel had a rational basis and was supported by significant evidence adduced at trial; that counsel reasonably concluded that the introduction by him of two inconsistent defenses would be harmful to his client's interests; that the defense strategy chosen, that someone other than the petitioner was the shooter, was agreed upon by the petitioner and his counsel; that, once the state introduced evidence suggesting that the petitioner was intoxicated at the time of the shooting, trial counsel made a competent effort to utilize such evidence in his client's favor. The petitioner has failed to establish, that, had trial counsel cross-examined the witness, Winston, regarding Winston's testimony that the petitioner appeared "drunk" (Transcript, July 22, 1992 — p. m. session, p. 10) there is a reasonable probability that the result of his trial would have been different. The court concludes that trial counsel's performance with regard to the "intoxication" issue did not fall below the level of competent representation.
The petitioner claims that trial counsel failed "adequately" to take exception to the court's failure to instruct the jury that it could not find the petitioner "guilty of both attempted murder, and of assault first under the recklessness subsection, as the two offenses required inconsistent mental states." This claim is unfounded. First, contrary to the petitioner's assertion, the court gave a correct charge (Transcript, August 3, 1992 hearing pp. 100-102) wherein the judge made it clear that the jury could not find the petitioner guilty on both the first, attempted murder, count and the third count, assault first under the recklessness subsection. Likewise, the court made it clear that the jury could not find the petitioner guilty of both the second count, assault first with intent to cause serious physical injury, and CT Page 3454 the third count, assault first, by virtue of reckless conduct Further, there could be no prejudice, since the jury did not find petitioner guilty of assault in the first degree in violation of General Statutes, Section 53a-59(a)(3) (the "recklessness subsection"). The court also charged the jury that it could find the petitioner guilty both of the first count, attempted murder, and the second count, assault first with the intent to cause serious physical injury. The petitioner has not shown this charge to be legally incorrect. See State v. Williams, 237 Conn. 748, 757: "Because the defendant could have possessed both intents simultaneously, the trial court's instruction to that effect did not permit the jury to return legally inconsistent verdicts. [where defendant was convicted of attempted murder, in violation of General Statutes, Sections 53a-49 and 53a-54a, and of assault in the first degree, in violation of General Statutes, Section53a-59(a)(1)] . . ."
As to the petitioner's claim that counsel rendered ineffective assistance on appeal, by virtue of his failure to "assist and consult petitioner in preparing an appeal of the convictions", the petitioner again has failed to establish that he was prejudiced by counsel's acts or omissions on appeal. Counsel, Attorney Butler, took an appeal, State v. Aaron Sloan,36 Conn. App. 908, challenging the trial court's refusal to instruct the jury with regard to the issue of intoxication in accordance with the defendant's request Butler briefed the issue competently. It was reasonable that appellate counsel did challenge the court's instructions as to the intents required as elements of the various offenses charged. It was reasonable that counsel did not challenge the court's instructions that counts one and three were mutually exclusive, that counts two and three were mutually exclusive, and that counts one and two were not mutually exclusive. The failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation, Sekou v. Warden, 216 Conn. 678, 690
(citation omitted). There is some evidence in the record that the petitioner had at least some communication regarding the appeal. The petitioner has failed to establish that, but for counsel's failure to communicate with petitioner, there is a reasonable probability that the result of the appeal would have been different.
 VI
Based on the evidence presented, the court finds that the CT Page 3455 petitioner has failed to establish, by a fair preponderance of the evidence, that his counsel's performance at trial or on appeal, was ineffective. Accordingly, the relief requested is denied and the petition is dismissed.
By the Court
DOWNEY, J.