STATE OF CONNECTICUT *v.* ANTHONY MORASCINI
(AC 20240)

Landau, Pellegrino and Daly, Js.

Argued December 12, 2000—officially released April 17, 2001

*Robert G. Golger*, special public defender, for the appellant (defendant).

*Joy K. Fausey*, deputy assistant state's attorney, with whom, on the brief, were *Patricia A. Swords*, state's attorney, *Peter Anthopolos*, special deputy assistant state's attorney, and *Elizabeth C. Leaming*, assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Anthony Morascini, appeals from the judgment of conviction, rendered after a jury trial, of public indecency in violation of General Statutes § 53a-186 (a) (2)[1] and breach of the peace in

---

[1] General Statutes § 53a-186 (a) provides in relevant part: "A person is guilty of public indecency when he performs any of the following acts in a public place . . . (2) a lewd exposure of the body with intent to arouse or to satisfy the sexual desire of the person . . . ."

violation of General Statutes § 53a-181 (a) (5).[2] On appeal, the defendant claims that the court improperly (1) rendered judgment on an inconsistent verdict and (2) abused its discretion by allowing the state to cross-examine the defendant about specific facts concerning his prior convictions. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 15, 1998, the victim, Lorraine Liswell, was operating her vehicle in the westbound lanes of Interstate 84 near Vernon. She noticed a large, gray vehicle approach from behind. Liswell recognized the vehicle as one that had operated in a bothersome, erratic manner in the same area several days earlier. On this day, the vehicle again was being operated erratically. The vehicle changed lanes and sped in such a way as to make Liswell nervous. She believed that the operator, who was later identified as the defendant, was trying to get her attention. Liswell looked over and saw that the defendant was steering the vehicle with his left hand, his penis was exposed and he was masturbating with his right hand. Liswell tried to avoid the defendant but he countered her evasive maneuvers. Liswell got off the interstate at her usual exit and pulled into a commuter lot where she called the police. The defendant had preceded Liswell off the exit and into the commuter lot. Police officers responded to the scene, questioned Liswell and the defendant, and then arrested the defendant.

The defendant was charged with public indecency and breach of the peace. A jury found the defendant guilty of both charges, and this appeal followed. Other facts will be discussed where relevant.

---

[2] General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . (5) in a public place . . . makes an obscene gesture . . . ."

I

The defendant first claims that the court improperly rendered judgment on an inconsistent verdict. Specifically, the defendant claims that the mental states for the crimes of public indecency and breach of the peace are mutually exclusive, and, because both charges flow from the same act, the defendant cannot be convicted of both crimes. We disagree.

The following additional facts and procedural history are necessary for our resolution of the defendant's claim. Both the public indecency and the breach of the peace charges stem from the defendant's act of exposing his penis and masturbating in public. At the close of evidence, the defendant objected to the state's request to allow the jury to consider both charges during its deliberation. The defendant argued that a conviction of public indecency required the jury to find that he acted intentionally, and a conviction of breach of the peace required the jury to find that he acted recklessly. Because the mental states for the crimes charged are mutually exclusive and because both charges concern the same act and the same victim, the defendant claimed that he could not be convicted of both crimes. The court concluded that the jury could properly consider and convict the defendant of both charges because, while both charges did concern the same act and the same victim, they concerned different results, and, therefore, the required mental states were not mutually exclusive.

Because the defendant's claim involves a question of law, our review is plenary. See *State* v. *Burnaka*, 61 Conn. App. 45, 52, 762 A.2d 485 (2000). When reviewing a claim that a verdict is inconsistent as a matter of law, "we look carefully to determine whether the existence of the essential elements for one offense negates the existence of the essential elements for another offense

of which the defendant also stands convicted. If that is the case, the verdicts are legally inconsistent and cannot withstand challenge." (Internal quotation marks omitted.) *State* v. *Harris*, 54 Conn. App. 18, 23–24, 734 A.2d 1027, cert. denied, 250 Conn. 925, 738 A.2d 660 (1999). Put more simply, we determine if there is a rational theory by which the jury could have found the defendant guilty of both crimes. See *State* v. *King*, 216 Conn. 585, 594, 583 A.2d 896 (1990).

"It is not inconsistent . . . to find that a criminal defendant possesses two different mental states, as long as [the] different mental states relate to different results." *State* v. *Flynn*, 14 Conn. App. 10, 27, 539 A.2d 1005, cert denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). In *Flynn*, the defendant was convicted of, inter alia, assault on a police officer, which requires intentional conduct, and reckless endangerment, which requires reckless conduct. Id., 12–13. The convictions resulted from an incident where the defendant, in a crowded bar, threw a beer bottle at several police officers. Id. On appeal, the defendant claimed that the verdict was inconsistent, as he could not have acted intentionally and recklessly with regard to the same factual circumstances. Id., 26. This court concluded that the verdict was not inconsistent because the mental states went to different results. Accordingly, the jury could have found that, by throwing the bottle at the police officers, the defendant acted intentionally with the conscious objective to prevent the officers from performing their duty, while at the same time, he acted recklessly with respect to the other patrons in the bar. Id., 27.

In the present case, we conclude that the verdict is not inconsistent because the jury could have found, given the facts and statutes at issue, that the defendant acted with two different mental states that related to different results. We look first to the language of the

statutes and then to the facts. The public indecency statute provides in relevant part that "[a] person is guilty of public indecency when he performs any of the following acts in a public place . . . (2) a lewd exposure of the body with *intent to arouse or to satisfy the sexual desire* of the person . . . ." (Emphasis added.) General Statutes § 53a-186 (a) (2). The jury reasonably could have found that the defendant intended to arouse or satisfy his sexual desire by masturbating as he operated his motor vehicle adjacent to Liswell's vehicle on the highway. The breach of the peace statute provides in relevant part that "[a] person is guilty of breach of the peace when, with intent to cause *inconvenience, annoyance or alarm, or recklessly* creating a risk thereof, he . . . (5) in a public place . . . makes an obscene gesture . . . ." (Emphasis added.) General Statutes § 53a-181 (a) (5). The information charged the defendant with acting recklessly. The jury reasonably could have found that the defendant acted recklessly when he masturbated next to Liswell's motor vehicle and caused her inconvenience, annoyance or alarm. The verdict, therefore, is not inconsistent because the jury could have found that the defendant acted with two different mental states that related to two different results.[3] The defendant could have intended to arouse himself and, at the same time, recklessly inconvenienced or annoyed the victim.

## II

The defendant next claims that the court abused its discretion by allowing the state to cross-examine him

---

[3] We disagree with the defendant's assertion that *State* v. *Williams*, 237 Conn. 748, 679 A.2d 920 (1996), is controlling because *State* v. *King*, supra, 216 Conn. 585, does not stand for the proposition that with respect to the same victim and the same act, specific intent and recklessness are *always* distinct and mutually exclusive mental states. See *State* v. *Williams*, supra, 756, citing *State* v. *King*, supra, 594. When reviewing a claim that a verdict is inconsistent as a matter of law, the test is whether there is a rational theory by which the jury could have found the defendant guilty of both crimes. See *State* v. *King*, supra, 594. A defendant rationally can be found

about specific facts concerning prior convictions, thereby prejudicing him so as to warrant a new trial. We disagree.

The following additional facts are necessary for our resolution of this claim. The defendant testified in his own defense. On direct examination, he testified that, among other things, he had prior felony convictions. The state, on cross-examination, asked the defendant about two prior felony convictions that the defendant had for failure to appear.[4] The defendant responded that he had received letters telling him to appear, and the state inquired further. Defense counsel then objected to the line of questioning on the ground that it was improper for the state to inquire as to the underlying facts of the defendant's convictions. The court concluded, however, that the state was entitled to cross-examine the defendant regarding the bail commissioner's letters because the defendant had opened the door when he offered his unsolicited testimony regarding the letters earlier in the cross-examination.

guilty of crimes with different mental states where the mental states go to different results. *State* v. *Flynn*, supra, 14 Conn. App. 27.

[4] The state's cross-examination went as follows:

"[State's Attorney]: Mr. Morascini, you said you have a conviction, a felony conviction for possession of cocaine?

"[Defendant]: Yes.

"[State's Attorney]: And you have two felony convictions for failure to appear, is that correct?

"[Defendant]: That's correct, yes.

"[State's Attorney]: And that's failure to appear in court after ordered to appear in court by a judge?

"[Defendant]: That's correct. I was ordered to appear by a written letter.

\* \* \*

"[State's Attorney]: A bail commissioner's letter?

"[Defendant]: Yes.

"[State's Attorney]: And that was after failing to appear on one particular date, you get a letter from the bail commissioner?

"[Defendant]: Yes. I think so.

"[State's Attorney]: And then you failed to appear again, is that correct?

"[Defense Counsel]: Your Honor, I'm going to object to this. This is going beyond what's permitted."

"[O]ur review of a trial court's evidentiary ruling is limited. Evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In considering whether the trial court abused its discretion, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Coughlin*, 61 Conn. App. 90, 95–96, 762 A.2d 1 (2000), cert. denied, 255 Conn. 934, 767 A.2d 105 (2001). Even where evidence is improperly admitted, reversal is not warranted "if the reviewing court cannot conclude . . . that the jury's perceptions of the other evidence presented in this case . . . were so affected by the improperly admitted testimony . . . that it is likely that the result of the trial would have been different in the absence of [that evidence]." (Internal quotation marks omitted.) *State* v. *Markeveys*, 56 Conn. App. 716, 719, 745 A.2d 212, cert. denied, 252 Conn. 953, 749 A.2d 1203 (2000).

"It is well established that the trial court has discretion on the admissibility of prior convictions." *State* v. *Johnson*, 29 Conn. App. 584, 588, 617 A.2d 174 (1992), appeal dismissed, 228 Conn. 59, 634 A.2d 293 (1993). Where the defendant admits to prior convictions on direct examination, the customary impeachment inquiry on cross-examination is limited to "the name of the crime and the date of conviction . . . ." *State* v. *Geyer*, 194 Conn. 1, 8, 480 A.2d 489 (1984). The facts underlying the prior conviction are generally inadmissible; *State* v. *Denby*, 198 Conn. 23, 30, 501 A.2d 1206 (1985), cert. denied, 475 U.S. 1097, 106 S. Ct. 1497, 89 L. Ed. 2d 898 (1986); because they must be excluded where their prejudicial tendency outweighs their probative value. *State* v. *Cummings*, 46 Conn. App. 661, 674, 701 A.2d 663, cert. denied, 243 Conn. 940, 702 A.2d 645

(1997). As a general rule, however, if a party delves into a particular subject during examination, he is said to have "opened the door" for further examination regarding that subject. *State* v. *Graham*, 200 Conn. 9, 13, 509 A.2d 493 (1986). "The doctrine of opening the door cannot, of course, be subverted into a rule for injection of prejudice." (Internal quotation marks omitted.) Id., quoting *United States* v. *Lum*, 466 F. Sup. 328, 334 (D. Del. 1979).

Here, the defendant opened the door to cross-examination regarding the letters by mentioning them in his response to the state's question about whether he was ordered to be in court on the days that he failed to appear. By opening the door, the defendant invited further examination regarding the letters. *State* v. *Graham*, supra, 200 Conn. 13. Furthermore, we do not agree that the cross-examination so prejudiced the defendant so as to warrant a new trial. The court instructed the jury regarding credibility in general and the effect, if any, that the convictions had on the defendant's credibility. It is well established that in the absence of evidence to the contrary, a jury is presumed to follow the instructions given by the court. *State* v. *Gray*, 221 Conn. 713, 730, 607 A.2d 391, cert. denied, 506 U.S. 872, 113 S. Ct. 207, 121 L. Ed. 2d 148 (1992); *State* v. *Grenier*, 55 Conn. App. 630, 645, 739 A.2d 751 (1999), cert. granted on other grounds, 252 Conn. 931, 746 A.2d 794 (2000); *State* v. *McNair*, 54 Conn. App. 807, 817, 738 A.2d 689, cert. denied, 251 Conn. 913, 739 A.2d 1249 (1999). The defendant did not provide any evidence that the jury did not follow the court's instructions. Applying our standard of review, we conclude that the court did not abuse its discretion by allowing the state to question the defendant regarding specific facts concerning the defendant's prior convictions.

The judgment is affirmed.

In this opinion the other judges concurred.