ROFIO GREENFIELD *v.* COMMISSIONER
OF CORRECTION
(AC 22295)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 19, 2002

*William B. Westcott* filed a brief for the appellant (petitioner).

*Michael Dearington,* state's attorney, and *Margaret Gaffney Radionovas* and *Mary Elizabeth Baran,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Rofio Greenfield, appeals from the habeas court's judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he failed to prove his claim of ineffective assistance of counsel. Specifically, the petitioner claims that he was denied effective assistance when his trial counsel permitted the trial court to comment on reasons why the petitioner may have chosen not to testify at

his criminal trial. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The petitioner was convicted of murder and sentenced to forty-five years imprisonment. On direct appeal, our Supreme Court upheld his conviction. *State* v. *Greenfield*, 228 Conn. 62, 78, 634 A.2d 879 (1993).

The petitioner subsequently filed an amended petition for a writ of habeas corpus on April 6, 1998, alleging seven claims of ineffective assistance of trial counsel. After conducting a hearing, the court denied each of the petitioner's claims. The court thereafter granted the petitioner's petition for certification to appeal to this court. The petitioner now challenges the court's finding that he was not denied effective assistance when his trial counsel did not object to the trial court's charge to the jury that "[t]here may be many good and sufficient reasons why the [petitioner] has not testified, such as advice of counsel."

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of

the Connecticut constitution. . . . In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Alterisi* v. *Commissioner of Correction*, 67 Conn. App. 625, 627–28, 789 A.2d 489 (2002).

In his brief, the petitioner concedes that the trial court's language in its jury instruction as to why he may have chosen not to testify met the dictates of General Statutes § 54-84 (b).[1] It is the petitioner's argument that the court's statement that "[t]here may be many good and sufficient reasons why the [petitioner] has not testified, such as advice of counsel," amounted to a violation of § 54-84 (a),[2] which prohibits a court from commenting on a defendant's decision to not testify. Section 54-84 (a), however, is limited by subsection (b) of § 54-84, which requires a court to instruct the jury that it may not draw any unfavorable inferences from the defendant's decision to not testify, which the court did in this case.

---

[1] General Statutes § 54-84 (b) provides: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

[2] General Statutes § 54-84 (a) provides in relevant part: "The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official, *except as provided in subsection (b) of this section.*" (Emphasis added.)

"Whenever a defendant does not testify at trial, § 54-84 (b) requires that, [u]nless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify." (Internal quotation marks omitted.) *State* v. *Yurch*, 229 Conn. 516, 522, 641 A.2d 1387, cert. denied, 513 U.S. 965, 115 S. Ct. 430, 130 L. Ed. 2d 343 (1994). In the present case, the court instructed the jury as follows: "Now, [the petitioner] did not testify in this case, and an accused person is under no obligation to become a witness in his own behalf, nor is he obliged to produce any evidence whatsoever. Under our law, an accused person may testify or not as he sees fit. It's for the state to prove him guilty of the charges, and nothing rests upon him in his position. There may be many good and sufficient reasons why the [petitioner] has not testified, such as advice of counsel. Therefore, you should not allow such fact to enter into your discussions or deliberations, and you, as the jury, should draw no adverse inferences against the [petitioner] merely from his failure to testify."

"Failure to follow the exact wording of § 54-84 (b) does not require reversal in all circumstances. . . . In cases where a no unfavorable inferences charge was given, but in language deviating slightly from the precise wording of the statute, we have examined the entire charge to see if the words as given were sufficient to satisfy the statute." (Citation omitted; internal quotation marks omitted.) *State* v. *Reid*, 22 Conn. App. 321, 326–27, 577 A.2d 1073, cert. denied, 216 Conn. 828, 582 A.2d 207 (1990). The charge that the court gave to the jury, when read in its entirety, clearly demonstrates that the impetus for the court using the contested language was to reinforce the mandate of § 54-84, namely, that the jury was not to draw any adverse inferences from the petitioner's decision not to testify.

It also should be noted that the petitioner, who did not object to the jury charge at trial, filed a request to charge on his right not to testify that included language almost identical to that which he now is challenging.[3] The petitioner requested the following language to be included in the charge to the jury: "Not only is it his right not to testify, *but there may be a host of reasons for the decision made by counsel and his client not to have the defendant testify.* Often, decisions are made for tactical reasons having nothing whatsoever to do with the merits of the case." (Emphasis added.) The petitioner cannot request the court to charge the jury in one way, permit the court to charge the jury in substantially the same manner as was requested, and then claim on appeal that his counsel provided ineffective assistance by not objecting to the charge that he requested.

Accordingly, the petitioner has failed to sustain his burden of proving that counsel's performance was deficient and that he suffered actual prejudice. See *Strickland* v. *Washington,* supra, 466 U.S. 687. We therefore conclude that the habeas court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

---

[3] The state did object to the court's inclusion of the language that the petitioner now contests, claiming that the charge should not have invited the jury to speculate as to why the petitioner was not testifying. The court, in denying the objection, held that the charge, when read in its entirety, properly directed the jury that in making its decision, it was not to consider the fact that the petitioner did not testify.