## RUBEN BERGER *v.* COMMISSIONER OF CORRECTION
### (AC 22865)

Mihalakos, Dranginis and West, Js.

Submitted on briefs October 31, 2002—officially released January 7, 2003

*Robert J. McKay* filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Rita M. Shair*, senior assistant state's attorney, and *Cynthia S. Serafini*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ruben Berger, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly failed to conclude that his trial counsel was ineffective during the petitioner's jury trial and that he was prejudiced as a result.

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The court's dismissal of the petition for a writ of habeas corpus was predicated on a factual review of his claim of unlawful confinement by reason of ineffective assistance of trial counsel. Specifically, the petitioner claims that there was an inadequate pretrial investigation, a failure to explore matters important to his defense and a failure to call witnesses to testify at his

trial. He further claims that but for the mistakes of trial counsel, the result of the trial would have been different.

The court properly determined that the petitioner had failed to rebut the strong presumption that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The court also found that the petitioner and his attorney had conferred on multiple occasions following the petitioner's arrest and during pretrial proceedings in court, and that the petitioner had failed to establish any of his claims that trial counsel rendered ineffective assistance.

We conclude that the court had before it sufficient evidence to find as it did and that it properly rejected the petitioner's claim.

The judgment is affirmed.