## GREGORY WILLIAMS *v.* COMMISSIONER OF CORRECTION
### (AC 23178)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*David B. Rozwaski* filed a brief for the appellant (petitioner).

*Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gregory Williams, appeals from the habeas court's judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly dismissed his petition after concluding that he did not establish that he was prejudiced by his trial counsel's decision not to request a jury instruction on the defense of intoxication. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The petitioner was convicted, following a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-54a and 53a-49, and assault in the first degree in violation of General Statutes § 53a-59. The petitioner was sentenced to twenty years imprison-

ment, execution suspended after fifteen years, plus five years probation. This court affirmed the petitioner's conviction. *State* v. *Williams,* 44 Conn. App. 231, 689 A.2d 484, cert. denied, 240 Conn. 918, 692 A.2d 815 (1997).

The petitioner subsequently filed a petition for a writ of habeas corpus, alleging that his trial counsel, Richard Silverstein, provided ineffective assistance by failing to request a jury instruction on the defense of intoxication and failing to issue a subpoena to obtain certain records of medical treatment that allegedly would have refuted the state's claim that the petitioner was faking an emotional illness.[1] Following a hearing, the court denied each of the petitioner's claims. The court thereafter granted the petition for certification to appeal to this court.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington,* [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . In order . . . to prevail on a constitutional claim of ineffective assis-

---

[1] The petitioner does not challenge the court's decision in regard to his counsel's failure to subpoena the medical records.

tance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Greenfield* v. *Commissioner of Correction*, 73 Conn. App. 583, 584–85, 809 A.2d 517, cert. denied, 262 Conn. 929, 814 A.2d 380 (2002).

It is the petitioner's claim that his trial counsel's representation was inadequate because he failed to request a jury instruction from the court on the defense of intoxication. In its memorandum of decision, the court found that the petitioner had failed to satisfy the second prong of *Strickland*. The court held that the petitioner was not prejudiced by the deficient performance of his counsel. The court found that "the record is devoid of evidence that would support a conclusion that if the intoxication charge had in fact been given, that the outcome of the trial would likely have been changed to the petitioner's benefit. As a result, the petitioner's . . . claim fails because he has not proven that if the intoxication charge had been given to the jury, such charge more likely than not would have changed the outcome of the trial."

The petitioner's claim fails on his misconception that "there does not have to be an actual demonstration of prejudice to meet the second prong of *Strickland*." In support of his claim that there "have been findings of ineffective assistance of counsel based on trial counsel's failure to either request or object to a jury instruction, without a showing of prejudice," the petitioner

relies on *Aparicio* v. *Artuz*, 269 F.3d 78 (2d Cir. 2001), *Commonwealth* v. *Gelpi*, 416 Mass. 729, 625 N.E.2d 543 (1994), *Commonwealth* v. *Chmiel*, 536 Pa. 244, 639 A.2d 9 (1994), and *McFadden* v. *State*, 342 S.C. 637, 539 S.E.2d 391 (2000). That reliance, however, is misplaced. None of the cases on which the petitioner relies stands for the proposition that a petitioner can prevail on a claim of ineffective assistance of counsel without first making a showing of prejudice. Furthermore, our case law clearly states that "the petitioner must establish not only that his counsel's performance was deficient, *but that as a result thereof he suffered actual prejudice* . . . ." (Emphasis added; internal quotation marks omitted.) *Alterisi* v. *Commissioner of Correction*, 67 Conn. App. 625, 628, 789 A.2d 489 (2002). The petitioner, however, has failed to establish that he was prejudiced by his trial counsel's representation. We therefore conclude that the court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.