## JORGE ALVAREZ *v.* COMMISSIONER OF CORRECTION
## (AC 23604)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Sebastian O. DeSantis*, special public defender, filed a brief for the appellant (petitioner).

*Kevin T. Kane*, state's attorney, and *Lisa A. Riggione* and *Linda N. Howe*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jorge Alvarez, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he failed to prove his claim of ineffective assistance of counsel. Specifically, the petitioner claims that he was denied effective assistance because his trial counsel, Milo J. Altschuler, (1) failed to prepare for certain evidentiary issues, (2) made an inadequate investigation and (3) failed to object to an improper statement made by the prosecutor during closing argument to the jury. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The

petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a and sentenced to life imprisonment. On direct appeal, our Supreme Court upheld his conviction. *State* v. *Alvarez*, 216 Conn. 301, 579 A.2d 515 (1990).

The petitioner subsequently filed a petition for a writ of habeas corpus and a motion for a new trial on the basis of newly discovered evidence. The petition for a writ of habeas corpus was dismissed without a hearing on the merits. After a hearing, the court denied the petitioner's motion for a new trial.

On March 9, 2001, the petitioner filed an amended petition for a writ of habeas corpus in which he claimed that he was denied the effective assistance of counsel because his trial counsel failed (1) to prepare the petitioner's case properly and (2) to object to an improper statement made by the prosecutor during closing argument. After conducting a hearing, the court denied each of the petitioner's claims. The court, thereafter, granted the petition for certification to appeal. The petitioner now appeals from the court's finding that he was not denied the effective assistance of counsel.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right

arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Alterisi* v. *Commissioner of Correction*, 67 Conn. App. 625, 627–28, 789 A.2d 489 (2002).

"In reviewing a claim of ineffective assistance of trial counsel, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; it is the petitioner's burden to overcome the presumption that his attorney's actions or inactions were not, in fact, sound trial strategy. . . . We also must make every effort to evaluate the challenged conduct from counsel's perspective at the time." (Citations omitted.) *Sloan* v. *Commissioner of Correction*, 57 Conn. App. 304, 306–307, 748 A.2d 355 (2000). With those principles in mind, we address each of the petitioner's claims in turn.

I

The petitioner first claims that his trial counsel was ineffective because counsel was not prepared for evidentiary issues involving the key component of the defense. Specifically, the petitioner contends that counsel was not prepared to argue an alternate ground for

the admissibility of a statement given by Kenneth Hazard, a witness to the shooting that caused the victim's death, in which Hazard indicated that a person named Rasheem had killed the victim. We disagree.

At trial, the petitioner's counsel sought to introduce into evidence, through a police officer, Joseph Greene, under *State* v. *Echols*, 203 Conn. 385, 524 A.2d 1143 (1987), Hazard's statement to the police that Rasheem had killed the victim. The trial court ruled that the statement was inadmissible hearsay. On appeal to our Supreme Court, the petitioner claimed that the trial court improperly found that Hazard's statement was inadmissible, arguing that the statement was admissible under the residual exception to the hearsay rule. *State* v. *Alvarez*, supra, 216 Conn. 306. Our Supreme Court refused to address the claim because the petitioner did not first raise it before the trial court. Id., 307. In a footnote, however, the court determined that the statement did not fall under the residual exception. Id., 307 n.3.

As previously stated, for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that his counsel's performance was deficient *and* that the petitioner suffered actual prejudice. *Alterisi* v. *Commissioner of Correction*, supra, 67 Conn. App. 627–28. The petitioner has failed to establish that he suffered actual prejudice in this case. He has failed to present any theory under which Hazard's hearsay statement would have been admissible. Without a showing of actual prejudice, the petitioner's claim must fail.

## II

The petitioner next claims that his trial counsel made an inadequate investigation because "significant evidence" existed that another individual was the actual perpetrator. The petitioner, however, has failed to establish what that "significant evidence" is. In his brief

to this court, the petitioner merely states that "[a]n adequate investigation should have located witnesses who saw a shooting or had information regarding that shooting. . . . A proper investigator would have returned to that nightclub and, without scaring potential witnesses, located exculpatory material to be used by defense counsel. This did not occur in the preparation of the [petitioner's] defense." (Citation omitted.)

The record, however, reveals that the petitioner's trial counsel did conduct an adequate investigation. The petitioner's counsel hired an investigator who inspected the crime scene. The investigator and counsel talked to people in the area to gather information. Counsel reviewed the police reports and utilized the state's open file system to gather information in support of the defendant's claim that he was not the individual who shot the victim. Counsel also had his investigator meet with the petitioner prior to trial and spoke with him on a regular basis during the course of the trial.

The petitioner also claims that his trial counsel should have interviewed certain witnesses who could have supported the claim of third party culpability. At the habeas hearing, however, the petitioner called only one of the potential witnesses, Jeffrey Perry, who testified that he had left the scene of the shooting before the shooting occurred. "The failure of defense counsel to call a potential defense witness does not constitute ineffective assistance unless there is some showing that the testimony would have been helpful in establishing the asserted defense. . . . In the absence of that showing by the petitioner, we are unable to conclude that he was prejudiced by counsel's failure to interview the witnesses." (Citations omitted; internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 624, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999).

### III

The petitioner's final claim is that his trial counsel was inadequate because counsel failed to object to certain statements made by the prosecutor during closing argument. We disagree.

The petitioner claims that he was denied a fair trial because of a single comment made by the prosecutor during closing argument that was not objected to by trial counsel.[1] Specifically, the petitioner claims that the habeas court improperly found that he was procedurally defaulted from raising that claim because it was not raised on direct appeal and he had failed to show good cause for his failure to raise the claim at the appropriate time. At the hearing on the habeas petition, the petitioner did not offer any evidence that trial counsel's failure to object to the prosecutor's comment during closing argument amounted to deficient performance or that the petitioner had suffered actual prejudice as a result of counsel's inaction. Rather, the only mention of the claim during the hearing was a passing comment during summation by the petitioner's counsel: "And I had an issue in my petition that maybe attorney Altschuler should have made an objection in closing to some of the [prosecutor's] statements." Accordingly, the petitioner has failed to sustain his burden of proving that counsel's performance was deficient and that he suffered actual prejudice. See *Strickland* v. *Washington*, supra, 466 U.S. 687. We therefore conclude that the habeas court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

---

[1] During closing argument, the prosecutor stated: "The final apology is one that gets us into the case, and it's one in which I apologize if you think my conduct in the examination or cross-examination of any of these witnesses was inappropriate or if you think my conduct during this closing argument is inappropriate . . . but, in all candor, *I don't know what the appropriate way to act is when the evidence in a case has proven beyond a reasonable doubt . . . .*" (Emphasis added.)