## MICHAEL ROBICHAUD *v.* COMMISSIONER OF CORRECTION
### (AC 23274)

Lavery, C. J., and Schaller and DiPentima, Js.

Submitted on briefs October 30—officially released December 16, 2003

*Richard C. Marquette*, special public defender, filed a brief for the appellant (petitioner).

*Patricia M. Froelich*, state's attorney, *Margaret Gaffney Radionovas*, senior assistant state's attorney, *Mark A. Stabile*, supervisory assistant state's attorney, and *Jo Anne Sulik*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Robichaud, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly failed to conclude that his trial counsel was ineffective during his jury trial and that this deficiency caused him prejudice.[1] We affirm the judgment of the habeas court.

[1] In his appellate brief, the petitioner also claims that the court improperly dismissed his petition because he was innocent in fact. The petitioner did not raise that claim, in his amended petition or otherwise, before the court and, consequently, the court did not address such a claim in its thorough memorandum of decision. For those reasons, we decline to review that claim, which was raised for the first time on appeal. See *Robinson* v. *Commissioner of Correction*, 73 Conn. App. 579, 580 n.1, 808 A.2d 1159 (2002), cert. denied, 262 Conn. 944, 815 A.2d 676 (2003).

The following facts are relevant to the petitioner's appeal. In 1998, the petitioner was convicted, following a jury trial, of conspiracy to commit robbery in the first degree and larceny in the third degree. The trial court sentenced the defendant to a total effective term of fourteen years imprisonment. On appeal, this court affirmed the conviction. *State* v. *Robichaud*, 56 Conn. App. 907, 743 A.2d 671, cert. denied, 252 Conn. 946, 747 A.2d 524 (2000).

The petitioner subsequently filed an amended petition for a writ of habeas corpus, alleging, inter alia, that his confinement is illegal because the representation afforded him by his trial counsel, Mark Hauslaib, was ineffective. Specifically, the petitioner alleged that Hauslaib failed to prepare the case adequately for trial, to investigate and to present at trial the petitioner's alibi defense, to investigate facts relevant to the defense and to communicate with the petitioner concerning the defense. After conducting a hearing, the court dismissed the petition. The court thereafter granted the petition for certification to appeal to this court.

The court's dismissal of the petition for a writ of habeas corpus was based on its underlying factual determinations concerning Hauslaib's representation of the petitioner at trial. The petitioner claimed that Hauslaib was deficient by failing to develop and to present at trial the petitioner's alibi defense and alibi witness. The petitioner claimed that he had informed Hauslaib prior to trial that at or about the time that the criminal incident occurred, he was with a female companion. The petitioner alleged, however, that Hauslaib never contacted that alibi witness and did not investigate the alibi defense. The court deemed the petitioner's credibility to be "not good" and found credible Hauslaib's version of events as they related to that subject. The court found that Hauslaib's testimony, as well as what the court deemed "[t]he better evidence," made it rea-

sonable to find that Hauslaib became aware of the potential alibi witness only after the trial.

The petitioner also claimed that Hauslaib was deficient in not calling the petitioner's father as a witness to testify that at or about the time that the criminal incident occurred, the petitioner spoke with his father on the telephone, thereby making it unlikely that the petitioner had committed the crimes. The court evaluated the evidence with respect to that claim and determined that given the circumstances of the case, Hauslaib's decision in that regard was reasonable. The court also rejected the petitioner's assertions that Hauslaib failed to prepare the defense adequately, to discuss the case, and to advise the petitioner of his options at trial and to make reasonable decisions in the course of representing him at trial. The court, citing specific instances of conduct, found that Hauslaib had met with the petitioner as he should have, discussed and planned the defense as he should have and communicated relevant information to the petitioner. Further, having reviewed the record of events that occurred during trial, the court found that Hauslaib performed adequately in representing the petitioner and in examining the witnesses at trial. The court noted, as well, that the jury acquitted the petitioner of a charge of robbery in the first degree as an accessory.

The court concluded: "A review of the evidence leads to the conclusion that it has not been proven that attorney Hauslaib's performance of his duties in representing the petitioner was defective. His conduct, prior to trial and during the trial, did not fall below the required standard of reasonable competence displayed by lawyers with ordinary training and skill in the trial of criminal cases."

The court set forth the legal standard applicable to the petitioner's claim. "A criminal defendant is constitu-

tionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Greenfield* v. *Commissioner of Correction*, 73 Conn. App. 583, 584–85, 809 A.2d 517, cert. denied, 262 Conn. 929, 814 A.2d 380 (2002). Only after surmounting this considerable burden of proof will a petitioner asserting a claim of ineffective assistance demonstrate that he is entitled to relief.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 316, 759 A.2d 118 (2000).

Having reviewed the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. The court's detailed findings of fact related to specific claims of ineffective representation by Haus-

laib are not clearly erroneous. Finding facts and determining the credibility of witnesses are matters particularly within the province of the habeas court. Furthermore, in light of the court's factual findings, we likewise conclude that the petitioner failed to "rebut the strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." (Internal quotation marks omitted.) *Berger* v. *Commissioner of Correction*, 74 Conn. App. 489, 491, 812 A.2d 167 (2003). The court properly dismissed the petition.

The judgment is affirmed.