## WILLIAM GONZALEZ *v.* COMMISSIONER OF CORRECTION
### (AC 28002)

Flynn, C. J., and Beach and Borden, Js.

Argued March 26—officially released May 27, 2008

*Robert J. McKay*, special public defender, for the appellant (petitioner).

*Nancy L. Chupak*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

### Opinion

FLYNN, C. J. The petitioner, William Gonzalez, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The court granted the petition for certification to appeal to this

court. On appeal, the petitioner claims that the court improperly dismissed his petition. We affirm the judgment of the habeas court.

After a comprehensive plea canvass by the sentencing court, the petitioner pleaded guilty under the *Alford* doctrine[1] to one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (4), one count of racketeering in violation of General Statutes § 53-395 and ten counts of sale of narcotics in violation of General Statutes § 21a-277 (a). On August 15, 1995, he received a sentence of ten years imprisonment on the ten counts of sale of narcotics, a concurrent ten years of imprisonment on the count of racketeering and a consecutive eighteen years of imprisonment on the count of assault in the first degree for a total effective sentence of twenty-eight years incarceration. If the petitioner had not accepted a negotiated plea agreement and had gone to trial and received the maximum sentence for each of his crimes, he would have been exposed to a total effective sentence of 190 years, with a sixty year mandatory minimum sentence. The petitioner filed no direct appeal from his judgment of conviction but filed an amended habeas petition alleging ineffective assistance of his counsel, special public defender John Hyde, who negotiated the petitioner's *Alford* plea.

At the habeas hearing, the petitioner admitted his involvement in ten separate sales of narcotics to an undercover police officer.[2] He claimed, however, that he had two female witnesses who would vouch that he

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The state points out in its appellate brief that these ten counts alone, without Hyde's intervention to reduce them to sale of narcotics by a drug-dependent person, each carried a mandatory minimum sentence of five years imprisonment and a maximum term of twenty years imprisonment, for a total mandatory minimum sentence of fifty years and a total maximum sentence of 100 years imprisonment.

was not involved in the assault. The habeas court did not find this claim credible because these alleged witnesses were never brought to the attention of counsel or the police, nor were they brought before the habeas court to testify.

For a petitioner to prevail on a claim that he was denied the effective assistance of counsel while he entered a guilty plea, he must prove both that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and that he actually was prejudiced in that, but for counsel's ineffective assistance, the petitioner would not have pleaded guilty. See *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 154–57, 662 A.2d 718 (1995); see also *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The petitioner headed a drug selling ring in Rockville, and the assault for which he was convicted occurred when the petitioner, accompanied by at least six confederates, beat an individual who had become indebted to the petitioner. Although all of the petitioner's associates joined him in beating and kicking the victim, once the victim had been knocked off his feet, it was the petitioner who administered a particularly brutal beating using a metal car ramp of the kind used to elevate automobiles. Several of his fellow members of the narcotics ring who were present and a passing motorist gave the police statements describing the petitioner beating the victim over the head with the ramp, shouting: "You die." The victim of this brutal assault suffered a depressed skull fracture, collapsed lung, dislocation of fingers on one hand and numerous lacerations to the face and head.

After a careful review of the record, we conclude that the habeas court properly determined that the petitioner failed to show that his attorney's performance was ineffective. The court made the following findings

of fact, all of which are fully supported by the record. The petitioner's attorney had years of experience negotiating pleas. The evidence against the petitioner was overwhelming on all of the charges to which he pleaded guilty. His attorney made a thorough investigation of the case, visited the crime scene and followed through on all potential witnesses of which he was made aware by the petitioner on his own investigation. The petitioner did not make his counsel aware of these purported female witnesses, nor did he present them to the habeas court. Counsel engaged two experts to assist in negotiating a favorable plea. One of them, Dr. James O'Brien, provided counsel with both information and opinion, which convinced the prosecuting authority to treat the petitioner more favorably as a drug-dependent person.

The petitioner has since developed the habeas equivalent of buyer's remorse regarding a plea he freely accepted, and he now claims that there are witnesses he failed to produce at his habeas trial. This, however, does not alter the fact that he received both a fair and favorable total effective sentence. This is particularly so in light of his exposure to a potential total effective sentence of 190 years for the assault, racketeering and multiple narcotics offenses.

The judgment is affirmed.

In this opinion the other judges concurred.