## CURTIS STEVENS *v.* COMMISSIONER OF CORRECTION
### (AC 27924)

DiPentima, McLachlan and Foti, Js.

Argued October 24, 2008—officially released January 27, 2009

*Temmy Ann Pieszak,* chief of habeas corpus services, for the appellant (petitioner).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Chris A. Pelosi,* assistant state's attorney, for the appellee (respondent).

DiPENTIMA, J. In this appeal from the denial of his petition for a writ of habeas corpus, the petitioner, Curtis Stevens, claims that the habeas court improperly concluded that he was not deprived of effective assistance of trial counsel. We affirm the judgment of the habeas court.

On June 28, 1989, the petitioner pleaded guilty under the *Alford* doctrine[1] to one count of the crime of murder in violation of General Statutes § 53a-54a, and five counts of the crime of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4).[2] During the plea canvass, the prosecutor summarized the factual background of each charge against the petitioner as well as the evidence the state was prepared to present should the matter proceed to trial. The state's evidence included eyewitness identifications of the petitioner as well as his inculpatory statements related to the homicide. The court confirmed that the petitioner understood, from his communications with his counsel, Christopher Cosgrove, that the state had evidence against him for each of the crimes with which he was charged and that the state was prepared to prove that the petitioner had committed those crimes. The petitioner affirmed that he understood the *Alford* plea and that he was pleading because of the high likelihood that he would be convicted. The court questioned the petitioner with regard to the minimum and maximum sentences he could receive on each charge and confirmed that the petitioner understood that should the court accept the plea agreement, he would receive a total effective sentence of sixty years imprisonment, execution suspended after forty years.

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The petitioner's remaining charge, relating to theft of a firearm, was nolled by the state pursuant to the plea agreement.

Pursuant to the plea agreement, on August 10, 1989, the petitioner was sentenced to twenty-five years incarceration on the murder charge and to twenty years incarceration, execution suspended after ten years, and five years probation on three of the robbery charges. Also pursuant to the plea agreement, the petitioner was sentenced to ten years incarceration on the remaining two robbery charges. The court ordered that the sentences on the first four robbery charges run consecutively and that the sentence on the remaining robbery charge as well as the murder charge run concurrent to each other. The court recommended no community release. Thus, the petitioner was sentenced to a total effective term of sixty years in prison, execution suspended after forty years, with five years probation. The court also ordered that the petitioner's sentence run concurrently with his parole on a previous sentence. The petitioner did not appeal from the judgment of conviction.

In his amended habeas petition, filed September 17, 2005,[3] the petitioner alleged ineffective assistance of counsel, claiming that his "[t]rial counsel advised [him] that he would be eligible for parole after serving only 50 [percent] of his sentence, even though by statute [he] cannot obtain parole eligibility in his sentence for murder."[4]

At the habeas trial, the petitioner testified that when he was deciding whether to plead guilty, one of the factors in his decision was his understanding, on the

[3] The petitioner originally filed an amended petition for a writ of habeas corpus on March 7, 1995. The first petition was dismissed on April 17, 1996. The petitioner's second petition for a writ of habeas corpus was dismissed on May 20, 1998.

[4] The petitioner also alleged actual innocence (count two) and, in a second amended petition filed on January 21, 2006, claimed that the parole board was unlawfully denying him parole (count three). The court denied relief on count two in an oral decision on January 13, 2005, and on count three in a memorandum of decision filed May 24, 2006. Counts two and three are not at issue in this appeal.

basis of conversations with Cosgrove, that "the murder would be the controlling sentence and that [he] would be eligible for parole after approximately [50] percent of [the] sentence." He clarified that Cosgrove "didn't say exactly right after the murder [sentence]. He just told me [50]—after [50] percent of the total sentence." He further testified that had he not been told that he would be eligible for parole, he would not have pleaded guilty because he "didn't do all of the robberies" and believed that he had a successful defense to the murder charge because the witnesses' descriptions of the perpetrator were of a man who did not look like him. The petitioner further stated, however, that on the basis of the testimony at the probable cause hearing, "I don't believe I would have been successful at trial," and that "I didn't feel as though I had a chance with the court system, and it is the reason that I took the plea that was given to me."

Cosgrove testified that he did not recall discussing parole eligibility with the petitioner but stated that he knew that there would be no parole eligibility on the murder charge. He also testified that he "believed that once the murder sentence had been completed, that there would be the possibility of parole eligibility on the remainder of the sentence" and that he may have communicated this belief to the petitioner.

The court denied relief on November 4, 2005, in an oral decision.[5] The court found that Cosgrove "did not tell [the petitioner] that he would be eligible for parole at the [50] percent mark" and, citing *Hernandez* v. *Commissioner of Correction*, 82 Conn. App. 701, 846 A.2d 889 (2004), specifically found that Cosgrove did not misadvise the petitioner. The court credited the testimony of Cosgrove over that of the petitioner. The court

---

[5] We note that the court subsequently signed a transcript of its ruling in compliance with Practice Book § 64-1.

further stated: "[E]ven if attorney Cosgrove had told [the petitioner] that he would be eligible for parole [at] the [50] percent mark in the pleadings in this case, this court finds that there is no reasonable probability that the result of trial would have been different. [The petitioner], himself, admits that had he gone to trial, he would have been convicted." On July 14, 2006, the court granted certification to appeal.[6]

On appeal, the petitioner claims that the court improperly concluded that he was not deprived of effective assistance of trial counsel. Additionally, the petitioner argues that the court used the incorrect standard in determining whether he suffered prejudice as a result of his trial counsel's advice. We disagree.

We begin with the standards that govern our analysis of the petitioner's appeal. "When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation [that] a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 62, 951 A.2d 520 (2008).

Under the familiar *Strickland* standard for ineffective assistance of counsel claims, the petitioner must establish that "(1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because

---

[6] The petitioner filed a motion for articulation on April 25, 2007, which the court denied. On May 21, 2007, the petitioner filed a motion for review of the denial of his motion for articulation. This court granted the motion to review but denied the requested relief.

there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. [*Strickland* v. *Washington*, supra, 466 U.S. 688, 694]." (Emphasis in original; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 63. "Under the test in *Hill* v. *Lockhart*, [474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], in which the United States Supreme Court modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial. [Id.]" (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008). "A reasonable probability is one which is sufficient to undermine confidence in the result." *Ruffin* v. *Commissioner of Correction*, 106 Conn. App. 396, 399, 943 A.2d 1105, cert. denied, 286 Conn. 922, 949 A.2d 481 (2008). A petitioner asserting a claim of ineffective assistance of counsel must surmount this considerable burden of proof before he is entitled to relief. *Robichaud* v. *Commissioner of Correction*, 80 Conn. App. 561, 564, 836 A.2d 1216 (2003), cert. denied, 268 Conn. 912, 845 A.2d 415 (2004).

The petitioner argues that "the evidence demonstrates that the petitioner discussed parole eligibility with his lawyer and certainly was not told that for him, parole did not exist." The petitioner maintains that because, at the time of his plea, parole did not exist for definite sentences, any advice regarding parole "other than there is no parole" was "patently erroneous." We disagree.

To satisfy the first prong of the *Strickland* test, the petitioner bears the burden of establishing that "counsel

made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment." (Internal quotation marks omitted.) *Hill* v. *Commissioner of Correction*, 103 Conn. App. 641, 645, 932 A.2d 413, cert. denied, 284 Conn. 925, 933 A.2d 726 (2007). "[T]he petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Internal quotation marks omitted.) *Leatherwood* v. *Commissioner of Correction*, 105 Conn. App. 644, 647, 938 A.2d 1285, cert. denied, 286 Conn. 908, 944 A.2d 979 (2008). "Our review requires us to indulge in the presumption that trial counsel met the standard of care required for effective assistance of counsel. The burden is on the petitioner to overcome that presumption." *Lacks* v. *Commissioner of Correction*, 87 Conn. App. 225, 231–32, 866 A.2d 660, cert. denied, 273 Conn. 922, 871 A.2d 1027 (2005).

At the habeas trial, the petitioner testified that Cosgrove told him that he would be eligible for parole "after [50] percent of the total sentence." The court, however, did not credit the petitioner's testimony. Instead, it credited Cosgrove's testimony that he "d[id] not recall specifically discussing parole eligibility" with the petitioner and that he knew that "murder has never been a parole eligible conviction." Cosgrove testified that he could not recall whether he communicated to the petitioner his understanding that there would be a possibility of parole eligibility on the remainder of the petitioner's sentence. In crediting Cosgrove's testimony over the

petitioner's, the court noted Cosgrove's extensive experience and "the fact that [the petitioner] stands to gain something if he testifies less than truthfully . . . ." The court concluded that Cosgrove did not misadvise the petitioner, and the petitioner has not challenged that finding as clearly erroneous.

It is well settled that this court "does not retry the case or evaluate the credibility of the witnesses." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007). The petitioner has presented no evidence that Cosgrove's representation was "not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . ." (Internal quotation marks omitted.) *State* v. *Aquino*, 89 Conn. App. 395, 406, 873 A.2d 1075 (2005), rev'd on other grounds, 279 Conn. 293, 901 A.2d 1194 (2006). We note that the " '[t]he right to counsel is not the right to perfect counsel' "; *Peruccio* v. *Commissioner of Correction*, 107 Conn. App. 66, 71, 943 A.2d 1148, cert. denied, 287 Conn. 920, 951 A.2d 569 (2008); and that an inaccurate statement of law does not constitute assistance that is, per se, outside of the range of reasonable representation. *Myers* v. *Manson*, 192 Conn. 383, 396, 472 A.2d 759 (1984); see also *Yarborough* v. *Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003) ("[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight"). Thus, we conclude that the petitioner failed to show that his attorney's performance was ineffective.

Although we conclude that the petitioner has not met his burden of demonstrating that his trial counsel's performance fell below an objective standard of reasonableness, we also consider the second prong of the *Strickland* analysis. In its oral decision rejecting the petitioner's claim of ineffective assistance, the court employed an incorrect standard, stating that even if

the petitioner had shown that his attorney provided erroneous information regarding parole eligibility, "there is no reasonable probability that the result of trial would have been any different." Instead, the correct standard to apply when determining prejudice in the guilty plea context is whether the petitioner has shown that "he actually was prejudiced in that, but for counsel's ineffective assistance, the petitioner would not have pleaded guilty." *Gonzalez* v. *Commissioner of Correction*, 108 Conn. App. 93, 95, 946 A.2d 1266 (2008). Nevertheless, we affirm the court's conclusion that the petitioner failed to prove prejudice, albeit on different grounds. See *State* v. *Johnson*, 289 Conn. 437, 450 n.16, 958 A.2d 713 (2008) ("[a]s this court repeatedly has observed, if a trial court reaches a correct decision but on mistaken grounds, an appellate court will sustain the trial court's action if proper grounds exist to support it").

The petitioner argues that he was prejudiced because it was with the "misinformation about the opportunity for parole" provided by Cosgrove that the petitioner "weighed the decision whether to accept a plea offer that could well mean the rest of his life in prison or go to trial on multiple charges . . . knowing that a conviction on all charges would almost certainly mean the rest of his life in prison, and even conviction of some charges could effectively result in a life sentence." We disagree.

We conclude that the petitioner has failed to show that had he known that he would be ineligible for parole, he would not have pleaded guilty and would have insisted on a trial. See *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 941. In its oral decision, the court noted that the petitioner testified that he believed he would have been convicted had he gone to trial. See *Boyd* v. *Commissioner of Correction*, 96 Conn. App. 26, 33, 898 A.2d 838 ("[i]t is the trier's exclusive

province to . . . determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony" [internal quotation marks omitted]), cert. denied, 280 Conn. 921, 908 A.2d 543 (2006). Moreover, during the plea canvass, the petitioner affirmed that he understood the maximum penalty he would face should he be found guilty at trial, a sentence that exceeded the plea agreement by twenty years.[7] As the United States Supreme Court noted in *Hill* v. *Lockhart*, supra, 474 U.S. 60, "[the] petitioner's mistaken belief that he would become eligible for parole after serving [a percentage] of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, *but also his calculation of the time he likely would serve if he went to trial and were convicted.*" (Emphasis added.) Id. The petitioner failed to present any credible evidence that he would not have pleaded guilty absent his misunderstanding regarding parole eligibility. See *Myers* v. *Manson*, supra, 192 Conn. 396 ("the [petitioner] must prove that [his attorney's] misstatement was a significant factor that triggered [the] guilty plea"). Accordingly, we conclude that the habeas court properly denied the petitioner's claim of ineffective assistance of counsel. See *Bailey* v. *Commissioner of Correction*, 107 Conn. App. 362, 368–69,

---

[7] The petitioner is correct in his statement that the prejudice prong in *Hill* requires him to show that but for counsel's errors, the petitioner would have gone to trial, but does not require the petitioner to show a likelihood of success at trial. It is appropriate, however, for us to consider the petitioner's understanding of the likelihood of a conviction had he proceeded to trial and the possible sentence resulting from that conviction in comparison to the sentence he faced as a result of his election to plead guilty. As our Supreme Court noted in *State* v. *Collins*, 207 Conn. 590, 596, 542 A.2d 1131 (1988), "[m]any factors may have been considered by the [petitioner] and his attorney in determining whether to plead guilty to the charges. No doubt of great significance was the strength of the admissible evidence, the [petitioner's] maximum exposure if convicted, and his possible release date if imprisoned."

947 A.2d 2 (absent evidentiary showing of deficient performance and actual prejudice, petitioner not entitled to relief), cert. denied, 287 Conn. 922, 951 A.2d 568 (2008).

The judgment is affirmed.

In this opinion the other judges concurred.